UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MICHEAL MEAD**                                              **CIVIL ACTION**

**VERSUS**                                                    **NO. 12-1962**

**HOWARD PRINCE, WARDEN**                                     **SECTION "B"**

## ORDER AND REASONS

Before the Court is Petitioner Michael Mead's ("Mead") Objection (Rec. Doc. No. 16) to the Magistrate Judge's Report and Recommendation (Rec. Doc. No. 15), recommending dismissal of Petitioner's *habeas corpus* petition under 28 U.S.C. § 2254. Accordingly, and for the reasons articulated below,

**IT IS ORDERED** that Mead's petition for *habeas corpus* relief pursuant to 28 U.S.C. § 2254 be **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that court to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant *habeas corpus* petition in this district court.

## PROCEDURAL HISTORY

Petitioner, Mead, pled guilty to possession of crack cocaine and was sentenced to a term of five years on April 13, 1994. Execution of his sentence was suspended in lieu of six months in parish jail and three years active probation.[1]  His probation was

---

[1] State Rec., Vol. I of I, transcript of April 13, 1994.

subsequently revoked on October 24, 1995 and his original five-year sentence was made executory.[2]

Petitioner's motion to withdraw or set aside his guilty plea[3] was not ruled on by the trial court, and he subsequently sought relief from the Louisiana Fourth Court of Appeal which denied relief holding that "he did not provide the court with a copy of his motion."[4] The same court urged him "to attempt to file his motion in the district court again."[5] Petitioner provided the Court of Appeal with a copy of the motion but the court denied relief finding it barred under La. C.Cr.P. art. 930.8.[6] The Louisiana Supreme Court subsequently denied his related writ application.[7]

On July 17, 2012, petitioner filed the instant federal *habeas corpus* application claiming that (1) the trial judge erred by allowing him to plead guilty without the state's concurrence and (2) the state courts wrongly denied his post-conviction claims as untimely.[8] The State responded citing the fact that the federal court lacked subject matter jurisdiction.

---

[2] State Rec., Vol. I of I, Docket Master entry dated October 24, 1995.
[3] State Rec., Vol. I of I.
[4] *State v. Mead*, No. 2011-K-0842 (La. App. 4th Cir. July 29, 2011); State Rec., Vol. I of I.
[5] *Id*.
[6] *State v. Mead*, No. 2011-K-1147 (La. App. 4th Cir. Aug. 30, 2011); State Rec., Vol. I of I.
[7] State *ex rel.* Mead v. State, 90 So.3d 399 (La. 2012) (No. 2011-KH-2162); State Rec., Vol. I of I.
[8] Rec. Doc. No. 1.

On December 19, 2012, the Magistrate Judge issued his Report and Recommendation, recommending that the instant petition for *habeas corpus* relief be dismissed for lack of subject matter jurisdiction. (Rec. Doc. No. 15). Petitioner filed his Objection to the Report and Recommendations on January 10, 2013. (Rec. Doc. No. 16).

## I. LAW AND ANALYSIS

Federal district courts have jurisdiction to entertain petitions for writs of *habeas corpus* only from persons who are "*in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) and 2254(a) (emphasis added). Once a sentence imposed for a conviction has completely expired, a federal *habeas corpus* petitioner is no longer considered to be "in custody" with respect to that conviction. *Maleng v. Cook,* 490 U.S. 488, 492 (1989). Therefore, because Petitioner's sentence for the 1994 conviction expired, he is not "in custody" on that conviction. Since Mead is not in custody based on the 1994 conviction, this Court lacks subject matter jurisdiction to entertain a challenge to that conviction.[9]

If a petitioner is "in custody" for a subsequent conviction, and *if* the sentence imposed for that subsequent conviction was

---

[9] *See Silvo v. Cain*, CIV. A. 09-3692, 2009 WL 3151166, at *1 (E.D. La. Sept. 30, 2009).

enhanced based on the prior conviction, then the *habeas corpus* petition alleging the invalidity of the prior conviction *may* be construed as a petition challenging the subsequent sentence.[10] In that circumstance, the custody requirement is met and the jurisdictional problem no longer exists. *Maleng*, 490 U.S. at 493-94. Since Mead's 1994 conviction was used to enhance his 1999 sentence, that situation exists in the instant petition and this court, out of an abundance of caution, will consider a challenge to the 1994 conviction as a challenge to the 1999 conviction and sentence.[11] However, even when construed this way, the petition is still subject to dismissal for the reasons below.

First, it is important to note that Mead previously challenged his 1999 conviction and enhanced sentence in a § 2254 petition filed in this Court in 2005. That petition was dismissed with prejudice. *Mead v. Cain*, Civ. Action No. 05-0203 (E.D. La. Apr. 17, 2006). The United States Fifth Circuit, thereafter, denied petitioner a certificate of appealability. *Mead v. Cain*, No. 06-30870 (5th Cir. Mar. 22, 2007). Therefore, Mead may not pursue another challenge to the 1999 conviction or sentence until he first obtains authorization from the United States Fifth Circuit Court of Appeals to file a second or successive application. *See* 28 U.S.C. § 2244(b).

---

[10] *Id*. at *2; *Johnson v. Hubert*, CIV. A. 08-688, 2008 WL 1746727, at *2 (E.D. La. Apr. 11, 2008).

[11] *See Johnson*, 2008 WL 1746727, at *2; *Silvo*, 2009 WL 3151166, at *1.

This means that even if the custody requirement was met because the 1994 conviction was construed by this court as a challenge to the 1999 conviction, this court would still be barred from hearing the petition as the United States Fifth Circuit has already dismissed the 1999 petition with prejudice[12] and denied the petitioner a certificate of appealability.[13] In other words, despite the custody requirements being met by construing this petition as a challenge to the 1999 conviction, the fact that Mead requires authorization from the United States Fifth Circuit to file a successive challenge[14] to the 1999 conviction divests this court of jurisdiction to consider this petition.

Petitioner, citing *Sam v. Louisiana*, 2011 U.S. Dist. LEXIS 110068 (E.D. La. Aug. 26, 2011), urges this court transfer his petition to the United States Fifth Circuit Court of Appeals. (Rec. Doc. 16). In *Sam*, the United States District Court transferred a second or successive *habeas* petition to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631. In the instant case, since this *habeas* petition challenging the 1994 conviction may (and is being) construed as a challenge to the 1999 conviction, it is thus a "second or successive" petition, and a transfer to the United States Fifth

---

[12] *Mead v. Cain*, Civ. Action No. 05-0203 (E.D. La. Apr. 17, 2006).
[13] *Mead v. Cain*, No. 06-30870 (5th Cir. Mar. 22, 2007).
[14] *See* 28 U.S.C. § 2244(b).

Circuit to obtain an order authorizing this Court to consider the successive application is warranted. *See* 28 U.S.C. § 2244(b).

Accordingly, **IT IS ORDERED** that Mead's petition for *habeas corpus* relief pursuant to 28 U.S.C. § 2254 be **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that court to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant *habeas corpus* petition in this district court.

New Orleans, Louisiana, this 10th day of May, 2013.

_____
UNITED STATES DISTRICT JUDGE